[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

No. 10-10169
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00330-RAL-TBM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER THOMPSON, a.k.a. Johnny,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2010)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Christopher Thompson appeals from his 70-month sentence, imposed at the

low end of the applicable guideline range, after pleading guilty to conspiracy to

possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  On appeal, Thompson asserts that the sentence imposed was substantively unreasonable.  After thorough review, we affirm.

We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for substantive reasonableness, we consider the "totality of the circumstances."  Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."[1] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  There is a "range of reasonable sentences from which the district court may choose," and a sentence within the guideline range is ordinarily expected to be reasonable.  Id.

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Thompson has not shown that his sentence was substantively unreasonable. As an initial matter, the applicable guideline range was 70 to 87 months, and Thompson's sentence of 70 months was at the low end of that range. See id. (recognizing that when a sentence falls within the advisory guideline range, we ordinarily expect that the choice is a reasonable one). Moreover, the statutory minimum for violating 21 U.S.C. § 846 and § 841(b)(1)(A) is 10 years' imprisonment, and the maximum is life imprisonment. The fact that Thompson received a sentence of 5 years and 10 months -- well below both the statutory maximum and minimum, 21 U.S.C. § 841(b)(1)(A)(ii) -- lends credence to the

3

substantive reasonableness of the sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the sentence was reasonable in part because it was well below the statutory maximum), cert. denied, 129 S. Ct. 2848 (2009).[2]

As for Thompson's claim that the district court failed to give due consideration to Thompson's background under § 3553(a)(1), we are unpersuaded. The district court expressly said that it had considered all of the statutory sentencing factors, including § 3553(a)(1), and other pertinent § 3553(a) factors, such as the significant quantity of marijuana involved and Thompson's role in the case.

Next, while Thompson claims that his sentence, based upon his role in the offense in comparison to that of his codefendants, created a disparity in their sentences, the record shows that Thompson conceded at sentencing that he recruited one of these codefendants, and that he and his codefendants were not "exactly similarly situated." In addition, the PSI stated that another of these codefendants delivered only money and communications equipment, whereas Thompson was the recipient of 4,217.5 pounds of marijuana. Thompson did not object to any of the facts

---

[2] Thompson argues that a sentence imposed below the statutory minimum is not by itself conclusive evidence that the sentence imposed is reasonable, relying on Gonzalez, 550 F.3d at 1324. Indeed, in Gonzalez, we also considered where within the guideline range the imposed sentence fell and whether the sentence was supported by the statutory factors. Id. However, the sentence here was at the bottom of the guideline range, and, as discussed below, Thompson has not shown that it was not supported by the § 3553(a) factors.

established in the PSI, and the district court noted Thompson's involvement and advanced role in the crime in determining his sentence. Thus, Thompson has not shown that his and his codefendants' situations were similar enough that the differences between their sentences are unwarranted. 18 U.S.C. §3553(a)(6) (the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct).

With respect to Thompson's argument that his status as an alien will likely lead to his deportation upon release from incarceration, Thompson's deportation will likely occur no matter the length of the sentence, and Thompson has not explained how giving him a lower sentence based on this likelihood comports with the goals of sentencing. Indeed, we have noted, albeit in the similar context of downward departures, that we are not aware of any case in which we have "upheld a downward departure upon collateral consequences related directly or indirectly to the defendant's status as an alien." United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003).

Additionally, Thompson argues that a variance should have been granted based upon the assistance he provided to law enforcement, but offers no additional legal or factual support for this argument, beyond contending that he could have given more assistance had he been the first among the defendants to be arrested. This is

speculative, and in any event, because his cooperation was considered under the safety-valve provisions, he benefitted with a sentence that was nearly half the statutory minimum sentence of 10 years.

Finally, Thompson, relying on Spears v. United States, 555 U.S. ___, 129 S.Ct. 840 (2009), argues that lower courts are not bound to apply the Sentencing Guidelines, and may impose a variance even if based solely on the district court's disagreement with them. However, the district court acknowledged that the Guidelines were no longer mandatory and that it may deviate from the guideline range should it not find the range reasonable. Furthermore, the district court did find the minimum sentence provided for by the Guidelines,70 months, to be reasonable and in compliance with the statutory purposes of sentencing.

In sum, Thompson has not satisfied his burden to show that the court abused its discretion by imposing a sentence at the low end of the applicable guideline range.

**AFFIRMED.**